UNITED STATES of America, Plaintiff,

v.

Henry ANDREWS, et al., Defendants.

No. 89 CR 908.

United States District Court,
N.D. Illinois, E.D.

Feb. 4, 1992.

Kenneth H. Hanson, Chicago, Ill., for Jeff Boyd.

Victor M. Pilolla, Oak Park, Ill., for Edgard Cooksey.

Eugene C. O'Malley, Chicago, Ill., for Andrew Craig.

Joshua Sachs, Chicago, Ill., for Charles Green.

Michael J. Falconer, Chicago, Ill., for Sammy Knox.

Ronald J. Clark, Chicago, Ill., for Felix Mayes.

Anita Carothers, Chicago, Ill., for Noah Robinson.

Robert F. Simone, Philadelphia, Pa., for Noah Robinson.

William R. Hogan, Jr., Asst. U.S. Atty., Chicago, Ill., John Hartman, Asst. U.S. Atty., Ross Silverman, Asst. U.S. Atty., for U.S.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Sammy Knox and Noah Robinson have joined in a motion "to investigate improper jury influence," contending that a Deputy United States Marshal threatened jurors with tax prosecution unless the "right" verdicts were delivered. Knox and Robinson were both convicted of serious charges in connection with their involvement in and with the El Rukn street gang, and are currently awaiting sentencing. Lacking any credible evidence that such improper influence was exerted, we deny the motion.

We do not doubt that both Knox's counsel and Robinson's counsel received an anonymous telephone call purporting to describe some kind of wrongdoing. Knox's attorney took a call in late November 1991 from a woman who claimed to have been a juror in the "El Rukn trial." She said that she had been threatened with income tax prosecution unless she " 'voted the right way.' " She also claimed that she and another juror had been told by a U.S. Marshal that "indictments for failure to file had already been prepared and lacked only their name."

Similarly, Robinson's local counsel received a telephone call in mid-December 1991, also from a woman who identified herself as an El Rukn trial juror. The caller said that U.S. Marshal Tracy told a group of jurors that "some of them had not filed income tax returns and that there would be indictments returned against them if they did not vote the right way." The woman further admitted to not having filed an income tax return "for several years," and that Tracy's words compelled her to return guilty verdicts as to all defendants.

Neither caller (and by this we do not assume that there was more than one) left

a name, jury number, or phone number. This court has not received any such contact purporting to expose wrongdoing, nor indeed any contact of any sort (apart from the present motion) from anyone claiming to have any information relating to the jury's deliberation.

We decline to accord to these anonymous telephone calls the weight necessary to authorize an inquiry into the validity of the jury's verdict. These totally unsubstantiated claims are both not credible and are rebutted by the sworn affidavit of Deputy U.S. Marshal Richard Tracy.

Tracy's affidavit, submitted with the government's response opposing the Knox and Robinson motion, affirms his responsibility to "secure and protect the jury ... during its deliberations," a responsibility that he swore under oath to uphold, and attests to the fact that Tracy "never, either during the course of the trial or during the course of the jury's deliberations, told any juror or group of jurors that he, she, or they had not filed income tax returns, or that there would be indictments for federal income tax ofenses [sic] returned against anyone if they did not vote a certain way."

Our own interaction with Deputy Marshall Tracy leaves us confident that he did not engage in any activity that might be construed as an improper influence on the jury. From our observation, Tracy conducted himself in an entirely professional manner, and upheld his oath to "safeguard and protect" the jury. Moreover, we are confident that any of the real El Rukn trial jurors would not have hesitated to advise the court directly of any threats or coercions of the sort reported by the anonymous caller(s); indeed, several notes were sent to this court by the jury during the course of the four-month trial, and during deliberation. Finally, the jurors had a chance to interact with the court in chambers following the return of the verdict, and could have then alerted us to any wrongdoing. No juror, of course, did.

We agree with the government that two anonymous telephone calls are insufficient to warrant an investigation; if these calls were sufficient, "then anyone with access to a telephone c[ould], with a simple, nonsensical anonymous call, cause a major disruption of the criminal process."

Without a credible basis to authorize a Federal Rule of Evidence 606(b) investigation into the validity of the verdict, and with Deputy Marshal Tracy's sworn denial of the substance of the anonymous telephone calls received by the two defense attorneys, we deny the motion. It is so ordered.